UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OTIS A. STONE, | No. 2:19-cv-01018 CKD |
| Plaintiff, | |
| v. | ORDER |
| ANDREW SAUL, Commissioner of Social Security, | |
| Defendant. | |

Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying an application for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act ("Act"). The parties have consented to Magistrate Judge jurisdiction to conduct all proceedings in the case, including the entry of final judgment. For the reasons discussed below, the court will partially grant plaintiff's motion for summary judgment while denying it on the issue of remedy; and deny the Commissioner's cross-motion for summary judgment.

BACKGROUND

Plaintiff, born in 1982, applied on May 23, 2016 for SSI, alleging disability beginning June 20, 2006. Administrative Transcript ("AT") 17, 28. Plaintiff alleged he was unable to work due to dysfunction of the left foot and toe, bipolar disorder, and decreased hearing in his left ear.

1

AT 95-96. In a decision dated August 1, 2018, the ALJ determined that plaintiff was not disabled.[1] AT 17-30. The ALJ made the following findings (citations to 20 C.F.R. omitted):

> 1. The claimant has not engaged in substantial gainful activity since May 23, 2016, the application date.
>
> 2. The claimant has the following severe impairments: bipolar disorder, post bunion surgery in 2007, degenerative joint disease of the first metatarsophalangeal joint of the right foot with chronic pain.
>
> 3. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1.
>
> 4. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform sedentary work, except the claimant cannot climb ladders, ropes, or

---

[1] Disability Insurance Benefits are paid to disabled persons who have contributed to the Social Security program, 42 U.S.C. § 401 et seq. Supplemental Security Income is paid to disabled persons with low income. 42 U.S.C. § 1382 et seq. Both provisions define disability, in part, as an "inability to engage in any substantial gainful activity" due to "a medically determinable physical or mental impairment. . . ." 42 U.S.C. §§ 423(d)(1)(a) & 1382c(a)(3)(A). A parallel five-step sequential evaluation governs eligibility for benefits under both programs. See 20 C.F.R. §§ 404.1520, 404.1571-76, 416.920 & 416.971-76; Bowen v. Yuckert, 482 U.S. 137, 140-142, 107 S. Ct. 2287 (1987). The following summarizes the sequential evaluation:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.
>
> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
>
> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App.1? If so, the claimant is automatically determined disabled. If not, proceed to step four.
>
> Step four: Is the claimant capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.
>
> Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. Bowen, 482 U.S. at 146 n.5, 107 S. Ct. at 2294 n.5. The Commissioner bears the burden if the sequential evaluation process proceeds to step five. Id.

2

scaffolds. He can occasionally perform other postural activities such as stooping, kneeling, crouching, crawling, or kneeling [sic]. He can perform simple, repetitive tasks. He cannot interact with the public and can adapt to gradual workplace changes. He requires a cane for prolonged ambulation and over uneven terrain.

5. The claimant is unable to perform any past relevant work.

6. The claimant was born on XX/XX/1982 and was 34 years old, which is defined as a younger individual age 18-44, on the date the application was filed.

7. The claimant has at least a high-school education and is able to communicate in English.

8. Transferability of job skills is not an issue in this case because using the Medical-Vocational Rules as a framework supports a finding that the claimant is 'not disabled,' whether or not the claimant has transferable job skills.

9. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform.

10. The claimant has not been under a disability, as defined in the Social Security Act, since May 23, 2016, the date the application was filed.

AT 19-29.

ISSUES PRESENTED

Plaintiff argues that the ALJ committed the following error in finding plaintiff not disabled: The ALJ improperly relied on vocation expert (VE) testimony to find that the three available jobs identified by the VE existed in significant numbers.

LEGAL STANDARDS

The court reviews the Commissioner's decision to determine whether (1) it is based on proper legal standards pursuant to 42 U.S.C. § 405(g), and (2) substantial evidence in the record as a whole supports it. Tackett v. Apfel, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is more than a mere scintilla, but less than a preponderance. Connett v. Barnhart, 340 F.3d 871, 873 (9th Cir. 2003) (citation omitted). It means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007), quoting Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005). "The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving

3

ambiguities." Edlund v. Massanari, 253 F.3d 1152, 1156 (9th Cir. 2001) (citations omitted). "The court will uphold the ALJ's conclusion when the evidence is susceptible to more than one rational interpretation." Tommasetti v. Astrue, 533 F.3d 1035, 1038 (9th Cir. 2008).

The record as a whole must be considered, Howard v. Heckler, 782 F.2d 1484, 1487 (9th Cir. 1986), and both the evidence that supports and the evidence that detracts from the ALJ's conclusion weighed. See Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985). The court may not affirm the ALJ's decision simply by isolating a specific quantum of supporting evidence. Id.; see also Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989). If substantial evidence supports the administrative findings, or if there is conflicting evidence supporting a finding of either disability or nondisability, the finding of the ALJ is conclusive, see Sprague v. Bowen, 812 F.2d 1226, 1229-30 (9th Cir. 1987), and may be set aside only if an improper legal standard was applied in weighing the evidence. See Burkhart v. Bowen, 856 F.2d 1335, 1338 (9th Cir. 1988).

ANALYSIS

Plaintiff contends that none of the three jobs identified by the VE as viable for someone with plaintiff's RFC existed in significant numbers, such that the finding of nondisability is not supported by substantial evidence.[2]

At step five of the sequential evaluation, the ALJ found as follows:

> I asked the vocational expert whether jobs exist in the national economy for an individual with the claimant's age, education, work experience, and residual functional capacity. The vocational expert testified that given all of these factors the individual would be able to perform the requirements of representative occupations such as:
>
> Addresser/clerk (DOT 209.587-010), a sedentary exertional level unskilled (SPV 2) of which there are 621,000 such jobs available nationally,

---

[2] Defendant asserts that plaintiff waived this issue by failing to raise it before the ALJ during the hearing. (ECF No. 20 at 5.) In Shaibi v. Berryhill, 883 F.3d 1102, 1109 (9th Cir. 2017), the Ninth Circuit held that "when a claimant fails entirely to challenge a vocational expert's job numbers during administrative proceedings before the agency, the claimant forfeits such a challenge on appeal[.]" Here, plaintiff raised a challenge to the VE's job numbers before the Appeals Council in its September 1, 2018 brief. AT 289-290. Because plaintiff raised this issue "during administrative proceedings before the agency," it is not waived.

4

> Assembler (DOT 734.687-018) sedentary exertional level unskilled (SPV 2) of which there are 190,000 such jobs available nationally;
>
> Charting clerk (DOT 221.587-042), sedentary exertional level unskilled (SPV 2) of which there are 158,000 such jobs available national[ly].
>
> Pursuant to SSR 00-4-p, I have determined that the vocational expert's testimony is consistent with the information contained in the Dictionary of Occupational Titles.
>
> Based on the testimony of the vocational expert, I conclude that . . . the claimant is capable of making a successful adjustment to other work that exists in significant numbers in the national economy. A finding of 'not disabled' is therefore appropriate under the framework of the above-cited rules.

AT 29; see AT 91-92 (hearing testimony of vocational expert).

According to the Social Security Act:

> An individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy .... For purposes of the preceding sentence (with respect to any individual), "work which exists in the national economy" means work which exists in significant numbers either in the region where such individual lives or in several regions of the country.

42 U.S.C. § 423(d)(2)(A); see also 42 U.S.C. § 1382c(a)(3)(B). The Ninth Circuit has "never set out a bright-line rule for what constitutes a 'significant number' of jobs." Beltran v. Astrue, 700 F.3d 386, 389 (9th Cir. 1986). The burden of establishing that there exists other work in "significant numbers" lies with the Commissioner. Tackett v. Apfel, 180 F.3d 1094, 1099 (9th Cir. 1999).

Regulations at 20 C.F.R. § 416.966(d) provide that the agency will take

> administrative notice of reliable job information available from various governmental and other publications. For example, we will take notice of—
>
> (1) Dictionary of Occupational Titles, published by the Department of Labor;
>
> (2) County Business Patterns, published by the Bureau of the Census;
>
> (3) Census Reports, also published by the Bureau of the Census;

(4) Occupational Analyses prepared for the Social Security Administration by various State employment agencies; and

(5) Occupational Outlook Handbook, published by the Bureau of Labor Statistics.

In addition to these sources, a Commissioner may rely on a vocational expert's response to a properly formulated hypothetical question to show that jobs that a person with the claimant's RFC can perform exist in significant numbers.  See 20 C.F.R. §§ 404.1566(e).

Plaintiff argues that the first identified job, addresser, is obsolete based on judicially noticeable sources, and that "the inaccuracy of the [VE's] job number estimate is . . . demonstrated by readily accessible U.S. Government publications." (ECF No. 11 at 5.)  The DOT describes the job as follows: "Addresses by hand or typewriter, envelopes, cards, advertising literature, packages, and similar items for mailing. May sort mail." (DOT 209.587-010.)  The ALJ adopted the VE's testimony that 621,000 such jobs were available nationwide.

Plaintiff observes that "[a]ddressing envelopes by hand or typewriter is no longer a common practice in workplaces" (ECF No. 11 at 4-5), and points to a May 2011 study by the Occupational Information Development Advisory Panel (OIDAP).  (ECF No. 11-1.)  In that study, analysts concluded that addresser was one of several DOT jobs "that might be obsolete. . . . It is doubtful that these jobs, as described in the DOT, currently exist in significant numbers in our economy."  (Id. at 8.)  Plaintiff also cites Bureau of Labor Statistics (BLS) data for the larger category of jobs in which addresser is included, "Word Processors and Typists," with 53,140 jobs nationwide.  See https://www.bls.gov/oes/2018/may/oes439022.htm#nat (last visited September 8, 2020).  Because addresser is a necessarily smaller subset of this group of jobs, plaintiff argues that it is impossible for 621,000 addresser jobs to exist nationally.

As to the second identified job, the DOT describes No. 734.687-018 as "ASSEMBLER (button & notion).  Inserts paper label in back of celluloid or metal advertising buttons and forces shaped stickpin under rim."  Plaintiff avers that the job "involves assembling celluloid buttons that pin onto clothing, such as those that are often distributed by political campaigns." (ECF No. 11 at 6.)  The ALJ adopted the VE's testimony that 109,000[3] such jobs were available nationally.

---
[3] Though the VE testified to 109,000 such jobs, the ALJ's decision mistakenly listed the number

1  Plaintiff cites BLS data about the larger group of jobs in which assembler is included, a category
2  called "Production Workers" with 230,760 jobs nationwide, and argues that the VE's testimony
3  that nearly half these jobs consist of button assemblers cannot be accurate.  See
4  https://www.bls.gov/oes/2018/may/oes519199.htm (last visited September 8, 2020).

5  As to the third identified job, the DOT describes No. 221.587-042 as "WEAVE-DEFECT-
6  CHARTING CLERK (textile)," a job that involves checking woven textiles for defects.  The ALJ
7  adopted the VE's testimony that 158,000 such jobs were available nationally.  Plaintiff cites May
8  2017 BLS data about the larger group of jobs in which charting clerk is included, a category
9  called "Production, Planning, and Expediting Clerks," with 336,000 jobs nationwide, and argues
10 that the VE's testimony that nearly half of those jobs consist of charting clerks cannot be
11 accurate.  See https://www.bls.gov/oes/2017/may/oes435061.htm (last visited September 9,
12 2020).

13 Defendant counters that the ALJ properly relied on VE testimony about the availability of
14 these three jobs in the national economy, citing Bayliss v. Barnhart, 427 F.3d 1211 (9th Cir.
15 2005).  In Bayliss, the Ninth Circuit held that "the ALJ's reliance on the VE's testimony
16 regarding the number of relevant jobs in the national economy was warranted.  An ALJ may take
17 administrative notice of any reliable job information, including information provided by a VE."
18 Id. at 1217, citing Johnson v. Shalala, 60 F.3d 1428, 1435 (9th Cir. 1995); see also 20 C.F.R. §
19 416.966(e).  However, when a VE's testimony undergirds a challenged decision by the agency,
20 that testimony is not beyond dispute.  See Mize v. Saul, 2:18-cv-03202-AC, 2020 WL 528850, *5
21 (E.D. Cal. Feb. 3, 2020) (though "what constitutes a significant number of jobs remains a factual
22 determination reserved to the ALJ," the court may "review the ALJ's factual determinations to
23 ensure they are supported by substantial evidence"), citing DeLorme v. Sullivan, 924 F.2d 841,
24 846 (9th Cir. 1996).

25 Here, it appears that at least one of the three jobs identified by the ALJ (addresser) does
26 not exist in significant numbers in the national economy, according to the government's own

---

28 as 190,000.  AT 29, 91.

analysis, and in contrast to the VE's testimony. For all three identified jobs, more factual development about the real job numbers during the relevant period is warranted, as plaintiff has produced objective evidence suggesting a condition that could have a material impact on the disability decision.[4]

In a similar case in this district, Rhoades v. Comm'r, No. 2:18-cv-1264 KJN, 2019 WL 3035517 (E.D. Cal. July 11, 2019), the magistrate judge rejected plaintiff's proposed remedy of having the court sift through the factual evidence of available jobs. Rather, the Rhodes court reasoned:

> As Defendant rightly argues, the governing statute directs the agency, not the courts, to "make findings of fact, and decisions as to the rights of any individual applying for [disability benefits]." 42 U.S.C. § 405(b)(1). Only after this finding has occurred may a court review such findings, as review must be based on "the record before [the court.]" Treichler v. Comm'r of Soc. Sec., 775 F.3d 1090, 1099 (9th Cir. 2014); see also Meneses v. Sec'y of Health, Ed. & Welfare, 442 F.2d 803, 809 (D.C. Cir. 1971) (finding that judicial notice could not be taken as to whether there were jobs available in the national economy for purposes of step five determination, where such information was not considered by the agency). As Plaintiff recognizes, the record is not fully developed, and so under the statute the ALJ must make such findings. Leon v. Berryhill, 880 F.3d 1041, 1047 (9th Cir. 2017) ("It is only rare circumstances that result in a direct award of benefits [and] only when the record clearly contradicted an ALJ's conclusory findings and no substantial evidence within the record supported the reasons provided by the ALJ for denial of benefits.");1 see also Graham v. Colvin, 2016 WL 4211893, at *13 (D. Or. Aug. 9, 2016) (where the ALJ's analysis failed in its step four analysis, a remand to resolve the factual issues was appropriate—and not a remand for benefits—because under Treichler, the record "must be fully developed and further administrative proceedings would serve no useful purpose."); Villa v. Colvin, 2015 WL 13227442, at *10 (W.D. Wash. Dec. 18, 2015) (finding remand to be appropriate where "issues must be resolved concerning [p]laintiff's functional capabilities and her ability to perform other jobs existing in significant numbers in the national economy."). To be sure, the Court sympathizes with Plaintiff that remand will cause further delay, but this alone cannot be the basis for Plaintiff's requested relief. See Treichler, 775 F.3d at 1106.

---

[4] Evidence raising an issue requiring the ALJ to investigate further depends on the case. Generally, there must be some objective evidence suggesting a condition that could have a material impact on the disability decision. See Smolen v. Chater, 80 F.3d 1273, 1288 (9th Cir. 1996); Wainwright v. Secretary of Health and Human Services, 939 F.2d 680, 682 (9th Cir. 1991). "Ambiguous evidence . . . triggers the ALJ's duty to 'conduct an appropriate inquiry.'" Tonapetyan v. Halter, 242 F.3d 1144, 1150 (9th Cir. 2001) (quoting Smolen, 80 F.3d at 1288.)

2019 WL 335517 at *1, findings and recommendations adopted in No. 2:18-cv-1264-JAM KJN, 2019 WL 4605713 (E.D. Cal. Aug. 8, 2019).

Here too, the undersigned finds that remand for further development of the record is appropriate, as the record as a whole creates serious doubt as to whether plaintiff was disabled during the relevant period. As it appears that the ALJ's findings in Steps One through Four are not in dispute, the court remands "primarily for a proper determination on [Step Five], and recommends the ALJ investigate other issues only as absolutely necessary to a new decision." See Rhodes, 2019 WL 3035517, *2. On remand, the ALJ may obtain supplemental vocational expert testimony and consider "reliable job information available from various governmental and other publications" as contemplated by 20 C.F.R. § 416.966(d). The court expresses no opinion regarding how the evidence should ultimately be weighed, and any ambiguities or inconsistencies resolved, on remand. The court also does not instruct the ALJ to credit any particular opinion or testimony. The ALJ may ultimately find plaintiff disabled during the entirety of the relevant period; may find plaintiff eligible for some type of closed period of disability benefits; or may find that plaintiff was never disabled during the relevant period, provided that the ALJ's determination complies with applicable legal standards and is supported by the record as a whole.

Accordingly, this matter will be remanded under sentence four of 42 U.S.C. § 405(g) for further administrative proceedings.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment (ECF No. 11) is partially granted and judgment entered in plaintiff's favor, but denied as to remedy;

2. The Commissioner's motion for summary judgment (ECF No. 20) is denied; and

3. This matter is remanded for further proceedings consistent with these findings and recommendations.

Dated: September 14, 2020

                              CAROLYN K. DELANEY
                              UNITED STATES MAGISTRATE JUDGE

2/stone1018.ssi.ckd